Gurung v. Garland

BIA
Segal, IJ
A206 230 745/206 233 007

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

ASHMIT GURUNG, PREITY GURUNG,
> *Petitioners,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

20-3843
NAC

_____

**FOR PETITIONER:**    Stuart Altman, Law Office of Stuart Altman, New York, NY.

**FOR RESPONDENT:**    Brian Boynton, Acting Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Nelle M. Seymour, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ashmit Gurung and Preity Gurung, natives and citizens of Nepal, seek review of an October 23, 2020 decision of the BIA affirming an August 20, 2018 decision of an Immigration Judge ("IJ"), which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ashmit Gurung, Preity Gurung*, Nos. A206 230 745 & 206 233 007 (B.I.A. Oct. 23, 2020); *aff'g* Nos. A206 230 745 & 206 233 007 (Immig. Ct. N. Y. City Aug. 20, 2018). They also move to supplement the record. We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA summarily affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See Shunfu Li v.*

2

*Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination "under the substantial evidence standard"). We deny the petition because substantial evidence supports the agency's adverse credibility determination.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . , without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Here, the IJ reasonably relied on inconsistencies (among others) regarding whether Petitioners reported Ms. Gurung's alleged kidnapping to the police, Ms. Gurung's failure to mention the alleged kidnapping during her credible fear interview despite discussing other related issues, and whether both Petitioners' fathers fled Nepal together. [1] *See* 8 U.S.C. § 1158(b)(1)(B)(iii). These inconsistencies, which concern the alleged harm at the heart of Petitioners' claims, provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude [a noncitizen] from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [the] story that served as an example of

---

[1] The agency did not err in relying on the record of Ms. Gurung's credible fear interview. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) (holding that IJ may consider statements in a credible fear interview "[w]here the record of a credible fear interview displays the hallmarks of reliability"). Although not a transcript, the interview was memorialized in a typed document that listed the questions asked and Ms. Gurung's responses. The interview was conducted with the aid of a Nepali interpreter. The record of the interview reveals that the interviewing officer explained the purpose of the interview and the fact that Ms. Gurung could seek clarification at any point and that she was asked questions designed to elicit her asylum claim. Ms. Gurung's responses do not reflect difficulty understanding the questions. Accordingly, the record of the interview was sufficiently reliable to merit consideration. *Id.* at 726.

the very persecution from which [the Petitioner] sought asylum . . . afforded substantial evidence to support the adverse credibility finding." (internal quotation marks omitted)). Further, the agency was not required to accept Ms. Gurung's explanation that she confused two incidents because her explanation introduced additional inconsistency with Mr. Gurung's testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

Petitioners' remaining argument lacks merit. They did not exhaust their due process claim—that the IJ should have admitted the record of Mr. Gurung's credible fear interview—because they did not mention that issue in their brief to the BIA or object at the hearing. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 122–23 (2d Cir. 2007) (holding that issues not raised before the agency generally will not be considered here). We deny the motion to supplement the record

because our review is limited to the record that was before the agency and the grounds the agency gave for its decision. *See* 8 U.*S*.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based"); *Lin Zhong*, 480 F.3d at 117 (explaining that "a denial of immigration relief stands or falls on the reasons given by the IJ or BIA" (alteration adopted) (internal quotation marks and citation omitted)).

For the foregoing reasons, the motion to supplement the record and the petition for review are DENIED. Any other motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court